IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| SENTINEL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-22-2155 |
| | § | |
| CHOICE! ENERGY SERVICES RETAIL LP and JASON SCARBROUGH, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Sentinel Insurance Company sued seeking a declaratory judgement that it does not owe a duty to defend or indemnify Choice! Energy Services Retail LP or its employee, Jason Scarbrough. On November 8, 2022, the court granted summary judgment in favor of the defendants on the duty to defend. (Docket Entry No. 24). The court held that the breach of contract and expected injury exclusions in the Policy did not apply. (*Id.* at 12–15). The court also held that an exception to the intellectual property exclusion applied, bringing the underlying litigation within the scope of Sentinel's coverage. (*Id.* at 15–17).

Under the exception, the intellectual property "exclusion does not apply if the only allegation in the claim . . . involving any intellectual property right is limited to" copyright infringement in an advertisement. (Docket Entry No. 1-2, at 87). Sentinel argued that because an advertisement requires "widespread public dissemination," and Choice! Energy Services and Scarbrough are alleged to have both publicly disseminated and internally redistributed the copyrighted works, the copyright infringement claim is not limited to infringement in an advertisement. (Docket Entry No. 13, at 14). The court found Sentinel's characterization unpersuasive because internal redistribution was not clearly a basis for the copyright infringement

claim in the underlying complaint. (Docket Entry No. 24 at 15–17). As to the duty to indemnify, the court determined that its resolution was premature given the ongoing litigation in the underlying dispute. (*Id.* at 17).

Sentinel has now filed a motion for reconsideration. (Docket Entry No. 26). It argues that the court misapplied law and fact in determining that the exception to the intellectual property exclusion applies. (*Id.*). Sentinel has also filed a motion seeking an extension of time to file its notice of appeal. (Docket Entry No. 28).

Both motions are denied. Motions for reconsideration exist for the exceedingly "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Quinn v. Guerrero*, 863 F.3d 353, 360 (5th Cir. 2017) (quoting reference omitted). A party may not use a motion for reconsideration to "raise arguments that were presented or could have been presented in the past." *Id.*

Sentinel does not identify newly discovered evidence or a manifest error of law. Instead, Sentinel believes that the court made an inaccurate statement in stating that the "copyright infringement claim, unlike the breach of contract claim, does not clearly allege internal redistribution as a basis for infringement." The court based its decision regarding the application of the exception to the IP exclusion on a comparison between the various counts in the complaint. In the copyright infringement count, the complaint specifically discussed widespread public dissemination as a basis for copyright infringement, but not internal redistribution. (*See* Docket Entry No. 1-2 at 12–14). In the breach of contract count, the complaint specifically asserted *both* internal redistribution and widespread public dissemination. (*See id.* at 16–17).

Sentinel argues that the copyright infringement claim does explicitly incorporate internal redistribution because it, like the other claims in the complaint, begins with the words: "TSGI

2

repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein." Many complaints use similar language to incorporate the background facts into its allegations. The court thoroughly examined each claim. In doing so, the court found that the copyright infringement claim was based on infringement in an advertisement: "Defendants Scarbrough and [Choice! Energy Services] have infringed [the Schork Group's] copyrights by copying, distributing, altering, and/or displaying [the Schork Group's] Works in materials prepared, published, and/or distributed by" the defendants. (Docket Entry No. 6-1, at ¶ 69). The court determined that although it was ambiguous as to whether the copyright infringement claim included internal redistribution, "the complaint does not state facts sufficient to clearly bring the case within or without the coverage, [and] the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy." *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997) (quoting reference omitted).

Sentinel's citation to *Evanston Insurance Co. v. Lapolla Industries, Inc.*, 93 F. Supp. 3d 606 (S.D. Tex.), *aff'd*, 634 F. App'x 439 (5th Cir. 2015), does not alter the court's judgment. The court did not determine that the factual allegations in the background section of the complaint were "irrelevant or inapplicable." *Id.* at 615. The court examined these allegations and determined that, as to the duty to defend, the allegations were sufficient to impose a duty to defend on the defendants. The court held that Sentinel is required to defend Scarbrough and Choice! Energy Services in the underlying litigation. The court is not persuaded that it should change the reasoning or result.

Sentinel's motion to extend its time to file a notice of appeal is denied as moot. Rule 4(a)(5) of the Federal Rules of Appellate Procedure allows district courts to extend the time to file

3

an appeal when the moving party "shows excusable neglect or good cause." FED. R. APP. P. 4(a)(5). The court need not extend a deadline that can readily be met. Sentinel's motion to alter or amend the judgment tolled the time to file the notice of appeal. The time to file a notice of appeal begins to run from the court's entry of this order. FED. R. APP. P. 4(a)(4)(A).

Sentinel's motion for reconsideration, (Docket Entry No. 26), and Sentinel's motion for an extension of time to file a notice of appeal, (Docket Entry No. 28), are denied.

SIGNED on December 7, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge